United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-31275 |
| THE TURKEY LEG HUT & COMPANY LLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| BRENDON DANE SINGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3114 |
| | § | |
| LYNDELL LEROY PRICE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

As a matter of first impression, Brendon D. Singh, the subchapter V Trustee, acting as plaintiff in this case, brings a complaint against Lyndell Leroy Price for a temporary restraining order and preliminary injunctive relief on behalf of The Turkey Leg Hut & Company LLC, the Debtor herein. Lyndell Leroy Price, allegedly, is the soon to be ex-spouse of the Debtor's representative, Nakia Price. At issue, however, is whether a subchapter V trustee is empowered to seek injunctive relief on behalf of a Debtor in possession pursuant to Federal Rule of Bankruptcy Procedure 7065 and 11 U.S.C. § 105.

Without the need of a hearing, the subchapter V trustee's complaint against Lyndell Leroy Price for a temporary restraining order and injunctive relief on behalf of The Turkey Leg Hut & Company LLC, the Debtor herein is denied.

## I. BACKGROUND

1. On March 26, 2024, (the "*Petition Date*") The Turkey Leg Hut & Company, LLC ("*Debtor*") filed for bankruptcy protection under subchapter V, Chapter 11 of the Bankruptcy Code[1] initiating the bankruptcy case.

2. On March 27, 2024, Brendon D. Singh was appointed subchapter V trustee (the "*Subchapter V Trustee*").

3. On May 30, 2024, the Subchapter V Trustee filed the instant "Complaint For A Temporary And Preliminary Injunctive Relief" (the "*Complaint*"). [2]

## II. JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[3] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), this Adversary Proceeding contains core matters, as it primarily involves matters concerning administration of the estate through activities affecting the operation of the Debtor.[4]

Furthermore, this Court may only hear a case in which venue is proper.[5] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Debtor's main subchapter V, chapter 11 case is presently pending in this Court and therefore, venue of this adversary proceeding is proper.

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[2] "Bankr. ECF" refers docket entries made in the Debtor's bankruptcy case, No. 24-31275. Entries made in Plaintiff's Case number 21-3906 shall take the format of ECF No. __.
[3] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[4] ECF No. 1 at 2-6.
[5] 28 U.S.C. § 1408.

This Court must evaluate whether it has constitutional authority to enter an order in this case. In *Stern,* which involved a core proceeding brought by the debtor under 28 U.S.C. § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."[6] However, *Stern* concerned final orders entered by the bankruptcy court and here, the Court need only enter an interlocutory order because the temporary restraining order will not "end the litigation on the merits and leave nothing to do but execute the judgment."[7]

If a bankruptcy court does not possess the necessary constitutional authority to enter a final judgment in a proceeding, the court may nevertheless issue interlocutory orders in that proceeding.[8] Entering an interlocutory order does not implicate "the constitutional limitations on the Court's authority to enter final judgments."[9] This order does not decide everything the subchapter V trustee asks this Court to decide, namely whether to grant temporary injunctive relief and impose a preliminary injunction.[10] Instead, the Court determines only whether an temporary restraining order should issue. An order resolving less than all relief requested in a complaint is interlocutory.[11] The Court's authority to enter interlocutory orders is not altered by *Stern*.[12] Accordingly, because the nature of this order is interlocutory, it can be entered without a determination of the Court's constitutional authority to enter a final judgment.

---

[6] *Stern v. Marshall*, 564 U.S. 462, 503 (2011).
[7] *In re Lieb*, 915 F.2d 184, 184 (5th Cir. 1990).
[8] *Trevino v. HSBC Mortg. Serv. (In re Trevino)*, 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015).
[9] *West v. WRG Energy Partners LLC (In re Noram Res., Inc.)*, 2011 Bankr. LEXIS 5183, at *3 (Bankr. S.D. Tex. Dec. 30, 2011).
[10] ECF No. 4.
[11] *In re Trevino*, 535 B.R. at 125.
[12] *Id.* at 125–26.

### III. ANALYSIS

#### A. The Subchapter V Trustee's Complaint

The Subchapter V Trustee initiated this adversary proceeding for the purpose of obtaining a Temporary Restraining Order and Preliminary Injunction against Lyndell Leroy Price ("*Defendant*") to enjoin the Defendant from interfering with the Debtor.[13] However, the Fifth Circuit teaches that standing is a jurisdictional requirement, and the Court is obliged to ensure it is satisfied regardless of whether the parties address the matter.[14] As such, the Court will examine whether a subchapter V has statutory authority to bring an action on behalf of a debtor.

#### B. Section 1184 rights and powers of a debtor in possession

The rights and powers of a debtor in possession are enumerated in 11 U.S.C. § 1184.[15] Under the statute, a debtor in possession:

> shall have all the rights other than the right to compensation under section 330 of this title [11 USCS § 330], and powers, and shall perform all functions and duties, except the duties specified in paragraphs (2), (3), and (4) of section 1106(a) of this title [11 USCS § 1106(a)], of a trustee serving in a case under this chapter [11 USCS §§ 1101 et seq.], including operating the business of the debtor.[16]

Such statutory authority imbues a debtor in possession with independent standing to pursue chapter 5 avoidance actions and other estate causes of action.[17] All legal or equitable interests, or claims belonging to the debtor are property of the estate.[18] Federal Rule of Bankruptcy Procedure 7001(7) specifically provides that an adversary proceeding is the appropriate vehicle for obtaining

---

[13] ECF No. 1.
[14] *Dynasty Oil & Gas, LLC v. Citizens Bank* (*In re United Operating, LLC*), 540 F.3d 351, 354 (5th Cir. 2008) (citing *Lang v. French*, 154 F.3d 217, 222 n.28 (5th Cir. 1998)).
[15] 11 U.S.C. § 1184.
[16] *Id.*
[17] *Cage v. Smith* (*In re Smith*) 521 B.R. 767, 776 (Bankr. S.D. Tex. 2014) (quoting *Reed v. Cooper* (*In re Cooper*), 405 B.R. 801, 807 (Bankr. N.D. Tex. 2009)).
[18] 11 U.S.C. §541.

an injunction or any other equitable relief.[19] Next, the Court will consider whether the Trustee possesses statutory authority to act on behalf of the Debtor by filing and prosecuting the instant Complaint.

### C. Section 1183 General Duties of Trustee

Section 1183 provides that a subchapter V trustee shall be appointed in each subchapter V case, whether that Trustee is a standing trustee, a disinterested person appointed by the United States Trustee, or the United States Trustee itself.[20] The subchapter V trustee, tasked primarily with facilitating consensual plans, occupies a unique position as contrasted with its counterparts in traditional Chapter 11 and other cases, who tend to be adversarial to the debtor by virtue of their duties to protect the bankruptcy estate and its creditors.[21] The subchapter V trustee's special duty to "facilitate the development of a consensual plan of reorganization"[22] appears nowhere else in the Bankruptcy Code and is specific to subchapter V.[23] The subchapter V trustee's statutory duties are enumerated in § 1183(b)(1).[24] Subsections (2),[25] (5),[26] (6),[27] (7),[28] and (9)[29] of Section 704(a) are to be performed by the subchapter V trustee in every case.[30]

In addition to facilitating the development of a consensual plan,[31] the subchapter V trustee shall (a) appear and be heard at the status conference[32] and at any hearing concerning (i) the value

---

[19] FED. R. BANKR. P. 7001(7); *United States v. Gilmore*, 226 B.R. 567, 576 (E.D. Tex. 1998).
[20] 11 U.S.C. § 1183.
[21] *In re Ozcelebi*, 639 B.R. 365, 381 (Bankr. S.D. Tex. 2022).
[22] *Id.*; § 1183(b)(7).
[23] *Ozcelebi*, 639 B.R. at 381.
[24] 11 U.S.C. § 1183(b)(1).
[25] "be accountable for all property received".
[26] "if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper".
[27] "if advisable, oppose the discharge of the debtor".
[28] "unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest".
[29] "make a final report and file a final account of the administration of the estate with the court and with the United States trustee".
[30] *Ozcelebi*, 639 B.R. at 382.
[31] 11 U.S.C. § 1183(b)(7).
[32] 11 U.S.C. § 1183(b)(3).

of property subject to a lien, (ii) confirmation of a plan, (iii) modification of a plan after confirmation, and (iv) the sale of property of the estate.[33] The responsibility of the subchapter V trustee to participate in the plan process and to be heard on plan and other matters cloaks the subchapter V trustee with the statutory right to obtain information about the debtor's property, business, and financial condition.[34] Furthermore, § 1183(b) specifies that the trustee shall ensure the debtor commences making timely payments required by a plan confirmed under this subchapter [11 USCS §§ 1181 et seq.];[35] and perform the duties specified in section 704(c) of this title [11 USCS § 704(c)] if there is a claim for a domestic support obligation with respect to the debtor.[36] Currently, the Subchapter V Trustee is performing the duties described *supra*.

None of the subchapter V trustee's general duties authorize the Subchapter V Trustee to pursue claims belonging to the estate, on behalf of the estate. Therefore, this Court finds, that the debtor in possession has exclusive standing to pursue estate causes of action pursuant to 11 U.S.C. § 1184.[37] As such, the subchapter V lacks statutory standing to bring claims on behalf of the debtor.

Accordingly, the Subchapter V Trustee's request for a temporary restraining order is denied.

---

[33] *Id.*

[34] *Ozcelebi*, 639 B.R. at 382.

[35] 11 U.S.C. § 1183(b)(4).

[36] 11 U.S.C. § 1183(b)(6).

[37] *See Cage v. Smith* (*In re Smith*) 521 B.R. 767, 776 (Bankr. S.D. Tex. 2014) (citing *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441-42 (4th Cir. 1999) ("If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim. . . . Reserving the action for the trustee maintains the integrity of the bankruptcy proceeding and ensures that individual creditors cannot hijack the bankruptcy process."); *Reed v. Cooper* (*In re Cooper*), 405 B.R. 801, 807 (Bankr. N.D. Tex. 2009) ("[I]t is rather widely accepted that only the trustee (or debtor-in-possession in Chapter 11) has independent standing to pursue chapter 5 avoidance actions and other estate causes of action."); *Price v. Gaslowitz* (*In re Price*), 173 B.R. 434, 440 (Bankr. N.D. Ga. 1994) ("A turnover action under section 542 is one facet of a trustee's general duty under section 704(1) to 'collect and reduce to money the property of the estate.' A Chapter 7 trustee is the estate's sole representative.").

## IV. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED May 31, 2024

---
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge